### THOMPSON & TUCKER *vs.* LEMOYNE.

Debt on money bond for $113, dated Sept. 7, 1841, due at one day from date. Plea, payment. The only evidence of payment being plaintiff's receipt for $113, "in full payment of a certain bond given to 'T. B. & Co., [the plaintiffs] on the 7th day of September, A. D. 1841, by G. W. L., [the defendant] and payable one day after date;" which receipt was dated 12th October, 1841; and the jury having found for defendant,

Held, that the court below was right in refusing to disturb the verdict by granting a new trial.

A receipt '*in full*,' of an instrument sued on, though specified an amount as paid, somewhat less than the amount really due, must be taken as prima facie evidence of what it imports; and as *conclusive*, unless shown to have been executed by mistake, or procured by fraud, or unless its veracity and conclusiveness is impeached in some other manner.

And though it might not amount to a technical *payment*, so as to support a plea of payment, yet as the verdict attained the substantial justice of the case, it was proper not to disturb it.

THIS was an action of debt, tried in the Conway Circuit Court, in August, 1843, before the Hon. R. C. S. BROWN, one of the circuit judges. Thompson and Tucker, surviving partners of Thompson, Beesan & Co., sued Lemoyne on a bond for $113, dated 7 Sept., 1841, payable to them at one day from date. Plea, payment on the 12th of October, 1841, *of principal and interest*, and issue. The

evidence offered to sustain the plea was a receipt signed by Tucker, in the following words: "Received of George W. Lemoyne, one hundred and thirteen dollars in full payment of a certain writing obligatory given to Thompson, Beesan & Co., on the 7th day of September, A. D. 1841, by G. W. Lemoyne, and payable one day after date, this October 12, 1841."

Verdict for defendant—motion for new trial overruled; and error.

*Linton & Batson*, for plaintiffs in error. The receipt given in evidence does not prove a full payment of the debt and interest. The payment must have been proved to have been made and received in discharge of the debt, and so as to extinguish it. Therefore a payment of part is no discharge of the whole debt, though expressed to be in full of all demands. 2 *Saund. Pl. & Ev.* 268. The plaintiff can calculate his interest up to the time of payment, and the payment shall be applied to the payment of the interest, and the balance of such payment (if any) shall be applied to the payment of the principal. *Rev. St. chap.* 80, *sec.* 10.

*By the Court*, SEBASTIAN J. The only question presented by the record is as to the propriety of the judge, who tried the cause, having overruled the motion for a new trial, made upon the trial below. The ground alleged as cause for a new trial is, that the receipt offered in evidence by defendant was for an amount of money a few cents less than the aggregate of principal and interest due upon the writing obligatory. The receipt was *in full* of the writing obligatory sued on by its terms, and is to be taken as prima facie evidence of what it imports, and conclusive, unless shown to have been executed by mistake, procured by fraud, or its veracity or conclusiveness impeached in some other manner. It was evidently regarded by the parties as substantial satisfaction. No mistake is shown, as the sums specified in the writing obligatory and the receipt are the same. The amount due and that received in payment of it were known to both parties, and it was competent for plaintiffs to receive it in discharge, and so the receipt imports. The facts stated might not amount to a technical payment, so as to support the defendant's plea, yet the verdict

40

attained the substantial justice of the case, and adjusted the rights of the parties in accordance with the import of the receipt. The consideration that the jury finds a verdict different from the views of the court as to the facts, will not warrant the latter in setting it aside, and the court will and should respect a verdict which does substantial justice between the parties, although it may not adjust their rights upon a strictly legal footing. We think therefore that the circuit court did right in overruling the plaintiffs' motion for a new trial.

Affirmed.